People of the State of Illinois for use of the First National Bank of Chicago, Appellant and Cross Appellee, v. Maryland Casualty Company, Appellee and Cross Appellant.

Gen. No. 41,030.

BURKE, J., dissenting.

Opinion filed June 19, 1940.

EDWARD H. S. MARTIN, of Chicago, for appellant.

1

WILSON & McILVAINE, of Chicago, for appellee; J. F. DAMMANN and GEORGE FIEDLER, both of Chicago, of counsel.

MR. PRESIDING JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

This is an appeal from an order dismissing the cause of action filed by plaintiff. The suit was an action for $4,400.96 on the general administration bond which had been executed by the Maryland Casualty Company as surety for Mrs. Beatrice May Ransley, administratrix of the estate of Thomas D. Chadwick, deceased. The action was filed by the First National Bank of Chicago as trustee, after it had secured a decree of foreclosure on a mortgage which had been executed by Chadwick in his lifetime.

A motion was made by the plaintiff to strike the answer of the defendant, or parts of said answer. The court carried the motion back to the complaint filed by the plaintiff and dismissed the case. The plaintiff appealed and the defendant Maryland Casualty Company filed a cross appeal.

Plaintiff's statement of its cause of action is quite voluminous, but we are setting forth the substance thereof:

It appears that in 1919, Thomas D. Chadwick executed a mortgage on certain real estate for $2,500. Plaintiff is the present owner of that mortgage. In 1925, Chadwick sold his equity in the mortgaged property to the Eatmans, but it is alleged that Chadwick remained personally liable for the mortgage debt. In 1927, the Eatmans entered into an agreement for the extension of the mortgage, but it is alleged Chadwick still remained personally liable for the mortgage debt.

It further appears that in 1930 Chadwick died; that his daughter Beatrice May Ransley was appointed administratrix and she gave bond with the Maryland Casualty Company as surety; that later in 1930, after

the death of Chadwick, the Eatmans again entered into an agreement for the extension of the mortgage, but according to the complaint, Chadwick or his estate still remained personally liable for the mortgage debt. It is not alleged in the complaint that the administratrix consented to the extension of the mortgage or knew anything about it.

The complaint in the first instance denies that the administratrix published for claims "after filing any inventory." Later in the complaint it is alleged as a fact that the master in the foreclosure case found that the administratrix did publish for claims. There is no allegation that the plaintiff ever filed a claim against the Chadwick estate in the probate court. After the year of administration had expired, November 27, 1927, the administratrix filed an inventory and an order was entered by the court approving it, and the complaint charges that by reason of the late filing of the inventory, all of the assets listed in the inventory became exposed to the claims of creditors, subject only to the general statute of limitations. The complaint then alleges that subsequently in 1934, Mrs. Ransley filed her final account and report and that an order was thereupon entered by the probate court approving the account and report, declaring the estate settled and discharging the administratrix. The complaint then charges in this proceeding that the orders of the probate court in that proceeding were void and of no effect. There is no allegation of fraud, accident or mistake.

The complaint further alleges that in 1935, about 18 months after the closing orders had been entered in the probate court, the plaintiff filed a suit in the circuit court of Cook county to foreclose the $2,500 mortgage, and that the suit resulted in a decree of foreclosure for $4,400.96. The decree entered at that time directed that the property foreclosed be sold and that if there was not sufficient funds derived from the sale to pay the full amount named, the master in chancery should specify

the deficiency and the plaintiff would then be entitled to a decree for the payment of the deficiency in due course of administration.

There is no claim that there was ever a sale under the foreclosure decree. It also appears that Mrs. Ransley, the administratrix, was made a party to the foreclosure suit in her capacity as administratrix, although prior to that time she had been discharged by the probate court. The Maryland Casualty Company, her surety, was not a party to the suit.

In deciding this case in the trial court it was held that the suit which was brought against the Maryland Casualty Company, defendant herein, was premature. Chapter 103, par. 13, sec. 13, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 92.13] reads as follows:

"13. SUIT ON BOND—EXECUTORS, ETC.] § 13. Whenever the condition of the bond of any public officer shall be violated, suit may be instituted on such bond, and prosecuted to final judgment against such officer, and any or all of the sureties, or against one or more of them, jointly and severally, without first establishing the liability of the principal by obtaining judgment against him alone. The provisions of this section shall extend to the official bonds of executors, administrators, guardians and conservators, and in suits thereon it shall not be necessary to a recovery that a devastavit should have previously been established against the principal."

We think the provision of the statute which we have just quoted is controlling and that it is not necessary that in order to recover it must first be established that the principal is liable before suit can be brought against a surety.

On behalf of the defendant it is contended that it has an equitable defense and asks to be heard thereon.

Many questions are raised on this appeal, but inasmuch as the trial court refrained from passing upon several of the points made by defendant, we think we are justified in not discussing them at length at this

time. Suffice it to say, we do not think the motion of the plaintiff to strike certain parts of the answer should be sustained, nor should defendant's motion to dismiss the suit be sustained. The defendant asks on the equity side of the court that it be given an opportunity to make its principal a party to the suit and further asks that an accounting may be had in equity rather than a hearing at law, as to part of the claim. This is permissible under the statute and we think it should be allowed.

We think that justice would more nearly appertain if each side were permitted to present and prove its case in court, and the court could then pass upon the facts as disclosed.

For the reasons herein given the order of the circuit court is reversed and the cause is remanded with directions to place the same at issue and proceed to a hearing.

*Order reversed and cause remanded with directions.*

HEBEL, J., concurs.

BURKE, J., dissents.